**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3321
_____

PETER PATAKI,
Appellant

v.

WALMART INC.; WALMART STORES INC.; WAL-MART STORES, INC.; WAL-
MART STORES EAST INC.; WAL-MART STORES I, LP; WALMART
ASSOCIATES, INC.; WALMART STORE NUMBER 5447; JOHN DOE 1-5; DOE
CORPORATION 1-5

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:16-cv-01109)
District Judge:  Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 12, 2026
_____

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, SCIRICA and MCKEE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2026)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Peter Pataki filed a lawsuit against Walmart after he slipped and fell on a piece of plastic inside one of the retailer's stores. At trial, the District Court precluded Pataki's liability expert from testifying. The jury later sided with Walmart. Pataki now appeals the District Court's ruling on his liability expert and also argues, for the first time, that counsel for Walmart made unfairly prejudicial statements during closing arguments. For the reasons set forth below, we will affirm.

I.

We write solely for the parties and so recite only the facts necessary to our disposition.

Pataki was walking down the aisle of a Kearny, New Jersey, Walmart store when he slipped and fell on a piece of clear plastic. The store's surveillance footage captured Pataki's fall. Pataki stood back up after falling and briefly continued walking around the store. He eventually spoke to a Walmart manager, who had him fill out an accident report and contacted emergency services. Pataki left the Walmart in an ambulance and was treated at a local emergency room. He was prescribed painkillers for back pain and released later that day. He was eventually treated for injuries to his spine.

Pataki filed this lawsuit in New Jersey state court and Walmart removed the case to federal court. In the leadup to trial, Walmart filed a motion in limine to exclude the testimony of Jerry Birnbach, Pataki's liability expert. The District Court first granted Walmart's motion in part, prohibiting Birnbach from testifying about the conditions he observed at the store on his visit two years after Pataki's fall. The District Court later

2

excluded Birnbach's testimony entirely after reviewing the transcript of his de bene esse deposition. The District Court reasoned that Birnbach's proposed expert testimony did not offer any knowledge or opinion beyond the scope of an average juror.

During closing arguments, counsel for Walmart noted that Pataki's first attorney had a close personal relationship with Pataki's doctor and that the doctor had a financial interest in the outcome of the case. Pataki's counsel did not object during the closing argument. The jury deliberated and unanimously found that Pataki had failed to prove by a preponderance of the evidence that Walmart was negligent. The District Court then entered judgment in Walmart's favor. Pataki timely appealed.

II.[1]

Pataki argues that the District Court erred in excluding Birnbach's testimony. We disagree.

Federal Rule of Evidence 702 governs the admissibility of expert witnesses and imposes three restrictions on their testimony: qualification, reliability, and fit. Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404–05 (3d Cir. 2003). As to qualifications, an expert witness must "have such skill, knowledge, or experience in the field as to make it appear that his opinion will probably aid the trier of fact in his search

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to exclude expert testimony for abuse of discretion. Calhoun v. Yamaha Motor Corp., U.S.A., 350 F.3d 316, 320 (3d Cir. 2003) (citing Gen. Elec. Co. v. Joiner, 522 U.S. 136, 138–39 (1997)).

for the truth." Aloe Coal Co. v. Clark Equip. Co., 816 F.2d 110, 114 (3d Cir. 1987). And as to fit, the expert must use that skill, knowledge, or experience to, in the words of Rule 702, "help the trier of fact to understand the evidence or to determine a fact in issue." When an expert's testimony "ventures into areas in which the jury needs no aid or illumination," the District Court properly excludes it as unhelpful. United States v. Gibbs, 190 F.3d 188, 212 (3d Cir. 1999).

The District Court did not abuse its discretion in first limiting Pataki from testifying about the conditions he observed at his belated site visit. The Court explained that there was no basis for the jury to conclude that any conditions that Birnbach observed during his 2017 site visit had existed during Pataki's 2015 fall. On appeal, Pataki contends that Walmart did not prove that the conditions at the store were different two years later. It is the party offering an expert's testimony who bears the burden of establishing that it is admissible, however. See In re TMI Litig., 193 F.3d 613, 663 (3d Cir. 1999). Because Pataki offers no evidence suggesting that the conditions in the Walmart were similar two years later, the District Court did not abuse its discretion in prohibiting Birnbach from testifying about his site visit.

In any event, in his report, Birnbach contended that he observed such "rampant" lack of employee compliance with Walmart's safety manual during his site visit that he could "only conclude that this activity was condoned by Store upper management." A103. Federal Rule of Evidence 404(b) compels that such a conclusion not reach the trier of fact. See Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 520 (3d Cir. 2003) ("Rule 404(b) thus prohibits the admission of other acts evidence for the purpose

4

of showing that an individual has a propensity or disposition to act in a particular manner.").

The District Court likewise did not abuse its discretion in later deciding to exclude Birnbach from testifying entirely. Pataki characterizes Birnbach's proposed testimony as "underscor[ing] the importance of comparing industry standards with a retailer's safety protocols" to determine the cause of Pataki's fall. Pataki Br. 34. Yet, Birnbach's report and de bene esse testimony mention no specific industry standards. His report and testimony instead appear to be based on his own review of Walmart's safety manual, the video footage, and the excluded site visit.

Birnbach's testimony on these sources did not aid or illuminate beyond the ordinary understanding of the jury. Lay jurors can review the safety manual and video footage for themselves — an expert is not needed to help them determine if any of Walmart's policies were violated. See Gibbs, 190 F.3d at 212–13. Expert testimony on a subject where the jury is "as capable of comprehending the primary facts and of drawing correct conclusions . . . as are witnesses possessed of special or peculiar training, experience, or observation" is not helpful within the meaning of Rule 702. Salem v. U.S. Lines Co., 370 U.S. 31, 35 (1962) (citation omitted).

We ultimately interfere with the District Court's decision to exclude an expert only where "there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pineda v. Ford Motor Co., 520 F.3d 237, 243 (3d Cir. 2008) (quoting In re TMI Litig.,

5

193 F.3d at 666).  We see no such error here.[2]

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2] Pataki's argument that Walmart's counsel made prejudicial statements during closing arguments is unpersuasive and, in any event, forfeited due to his failure to object.